**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

**CASE NO.:**

YOLDAS ASKAN,

      Plaintiff,

v.

FARO TECHNOLOGIES, INC.,

      Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED)**

Yoldas Askan sues Defendant FARO Technologies, Inc. ("FARO") and states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, et. seq.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

3. Venue properly lies within this Judicial District under 28 U.S.C. § 1400(a) because defendant FARO is a Exton, Pennsylvania corporation with its principal place of business in this district and a substantial part of the events or omissions giving rise to the claims in this suit occurred in this district.

## PARTIES

4. Plaintiff Yoldas Askan ("Askan"), is an individual residing at 51 Pinfold St., Suite 542, Birmingham, B2 4AY, United Kingdom.

5. Defendant FARO Technologies, Inc. ("FARO") operates manufacturing and technology center at 290 National Road, Exton, PA 19341.

## FACTS

6. Askan is a Mathematician and Computer Programmer.

7. In December 2010, Askan purchased an S-PHOTON 120-DEMO-PH P3D laser scanner from FARO to develop his software.

8. In Sep 10, 2010, David Homewood, Area Vice President - UK, France, Benelux, in an email wrote, "We look forward to forming a long and fruitful working relationship with you, and wish you well for the future."

9. In 2010, Askan invented his technology in smooth point cloud surface from noisy raw 3D laser scanner generated data.

10. Nuclear Engineers Institute in London published Askan's invention in the Nuclear Future Journal Volume 7, Issue 4 date June 2011.

11. FARO was notified of this issue.

12. FARO requested to implemented Askan's technology in FARO scanners.

13. FARO's Software Development LS Manager, PD Dr. Michael Schanz on Aug 25, 2011, wrote, ". . . the most important point for us [FARO], namely that we can still profit from your surface smoothing technique given of course that we find a mutually agreement which I think we will ;-)".

14. In October 8, 2013, FARO ran an article on SPAR 3D website claiming, "New Focus3D scanner cuts noise by 50% at nearly 3x range". (https://www.spar3d.com/news/hardware/new-focus3d-scanner-cuts-noise-by-50-at-nearly-3x-range/)

15. FARO's software developer Juergen Gittenger based in Germany (Juergen.Gittinger@faroeurope.com) emailed Askan in November 08, 2011 15:00hrs, months after inquiring about Askan's software and confirmed the use of Askan's technology, "...taking the distance measurements of 4 or more neighboring scan points together and calculating the mean value of it".

16. FARO redefined their Noise Compression function and released a two page backdated "Software Tips and Tricks" paper containing the description outlined in Gittenger email.

17. FARO never applied a patent for their modified Noise Compression function or in general do not possess any relevant patents in the smooth point cloud technology.

18. Askan patented his invention and obtained his three patents, U.S. Patent No. 8,705,110 ("the '110 patent"), U.S. Patent No. 9,300,841 ("the '841 patent"), and U.S. Patent No. 10,032,255 ("the '255 patent"), Exhibits 1 - 3.

19. Askan sued FARO in June 21 for infringement of three U.S. patents that name him as the inventor: '110 patent, '841 patent and '255 patent. Complaint, No. 6:18-cv-1122-Orl-40DCI, ECF No. 1 at 4, 13–15.

20. Askan amended his complaint in November 14, 2018, where a count for infringement of the '110 patent was removed.

21. Askan filed Application Number 16/006,534 on 06-12-2018 which is Pending claims the benefit of '841 patent.

22. FARO responded to the amended complaint in November 28, 2018.

23. FARO denied the degree of engagement with Askan.

24. FARO resorted to litigation tactics and was compelled to change their account of events.

25. FARO stated, "FARO also lacked any knowledge that any use of the FARO Focus 3D scanner would infringe [on Askan patents]".

26. In July 12, 2012 FARO's Vice President of Sales (Europe) David Homewood wrote a letter to Askan and inquired about Askan's patents.

27. FARO therefore was in full knowledge of Askan patents.

28. FARO committed perjury by stating otherwise in the previous (6:18-cv-1122) lawsuit.

29. FARO tried to paint Askan as a bad character, made spurious accusing that Askan was a "misogynist".

30. During lawsuit 6:18-cv-1122-Orl-40DCI FARO did not comply with Askan's discovery request, provided junk material, such as flyers, newsletters etc. but nothing pertinent to the patent infringement case was disclosed.

31. FARO expressed Askan's production were unreliable, in the previous lawsuit 6:18-cv-1122, FARO's "Motion to Compel Responses to Request for Production"

4

dated December 5, 2018 FARO alleged, "Documents such as e-mails, blogs, and webpages have all been altered by cutting and pasting them into various formats such as PDF, GIF, PNG, and JPEG".

32. Hon. Judge Irick believed FARO that Askan in bad faith failed to comply with FARO discovery and Case 6:18-cv-1122-Orl-40DCI was dismissed with prejudice.

33. Exhibit 4 (Original & Scanned) provided in this complaint includes notarized and apostilled emails between Yoldas Askan and the Defendant FARO Technologies. Nothing Askan provided was therefore "unreliable". FARO simply had to cover up facts, rewrite history, behaving in a deceptive way.

34. An agreement between FARO and Microsoft has led FARO to claim; "A free app from FARO turns Microsoft Kinect and other popular motion sensors into smart 3D scanners" (https://www.faro.com/en-gb/news/3d-scanning-for-everybody/)

35. FARO disclosed a German student paper, "Improved Laplacian Smoothing of Noisy Surface Meshes" by J. Vollmer  R. Mencl  H. Müller as a "potential" prior art to Askan patents (herein Vollmer).

36. Third author Prof. Heinrich Muller presently works/lectures at the University of Dortmund.

37. Muller informed, "He [Vollmer] submitted his diploma thesis (equivalent to a master's thesis in other countries) in 1998" and, "The [Vollmer research] paper emerged from the thesis".

38. Muller informed, Vollmer paper contains, "important steps to make 3D scan useful".

5

39. Muller informed, "The thesis is not in the catalog of the library of the university. Thus it is not publicly available from the university. You have to be referred to the owner of the copyright, Joerg Vollmer, or any public sources if there are any".

40. The Vollmer article is nowhere named or found listed in the "publications, PhD theses, diploma theses, and master theses" or any other part of the on the Dortmund University server.

41. Wiley uploaded Vollmer on their website around in 2016. Internet Archive Wayback machine first saved the paper on July 11, 2016, suggesting that the Wiley link is recent (https://web.archive.org/web/*/http://onlinelibrary.wiley.com/doi/10.1111/1467-8659.00334/abstract).

42. When asked, "why major laser scanner manufacturers recently (compared to the age of the paper) implemented the Vollmer technology" Muller explained, "the possibly increasing visibility of the paper on Joerg Vollmer' website which seem to be quite new".

43. The appearance of Vollmer was also new on ResearchGate [German publication site for scientists], as the uploaded was Muller. ResearchGate confirmed, "As far as we can see, there was but one article uploaded to our site on May 9, 2015. The uploader was Heinrich Müller, who appears to be one of the authors. Public records we have accessed suggest that he is associated with Technische Universität Dortmund, Faculty of Computer Science, Dortmund, North Rhine-Westphalia, Germany."

44. Muller has said no copyright and patent exist but despite all that, FARO provided "the seal" from Library of Congress for Vollmer in the case 6:18-cv-1122-Orl-40DCI.

45. FARO digitally added the Library of Congress stamp on a tampered version Vollmer paper and filed it with the District Court (6:18-cv-1122).

46. FARO knowingly committed perjury.

47. In Oct 27, 2020, FARO introduced a new/revised/updated product SCENE 2020.0.3, after the dismissal of the case 6:18-cv-1122-Orl-40DCI, Exhibit 5.

48. FARO's changed product SCENE 2020.0.3 is introduced as an infringing product on Askan's patented technologies.

49. Case 6:18-cv-1122-Orl-40DCI was not dismissed on merits and dismissal should be effective only as to the causes of action subject to the ruling.

50. FARO's change of products since the dismissal of the case 6:18-cv-1122-Orl-40DCI and FARO's belief that it can infringe on Askan's patents in perpetuity is therefore the cause of action of this complaint.

## COUNT I
## Literal Infringement of the '841 Patent by FARO

51. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

52. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, at least claim 1 of the '841 Patent.

53. FARO has been and continues to infringe one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

54. FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

55. FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '841 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

56. Askan is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement.

## COUNT II
## Literal Infringement of the '255 Patent by FARO

57. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

58. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe, at least claim 1 of the '255 Patent.

59. FARO has been and continues to infringe one or more of the claims of the '255 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

60. FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

61. FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '255 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

62. Askan is entitled to recover damages adequate to compensate for the infringement of the '255 Patent, as well as additional damages for willful infringement.

## COUNT III
### Infringement by Equivalents of the '841 Patent by FARO

63. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

64. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that infringe by equivalents, at least claim 1 of the '841 Patent.

65. FARO has been and continues to infringe one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

66. FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

67. FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '841 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

68. Askan is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement.

## COUNT IV
## Infringement by Equivalents of the '255 Patent by FARO

69. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

70. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that infringe by equivalents, at least claim 1 of the '255 Patent.

71. FARO has been and continues to infringe one or more of the claims of the '255 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

72. FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

73. FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '255 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

74. Askan is entitled to recover damages adequate to compensate for the infringement of the '255 Patent, as well as additional damages for willful infringement.

## COUNT V
## Inducement of Infringement of the '841 Patent by FARO

75. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

76. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe or infringe by equivalents, at least claim 1 of the '841 Patent.

77. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range that directly infringe or infringe by equivalents one or more of the claims of the '841 Patent.

78. FARO, by making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range to users that directly infringe or infringe by equivalents one or more of the claims of the '841 Patent with knowledge of the infringement, FARO possessed specific intent to encourage its customers to infringe one or more claims on the '841 Patent.

79. Askan previously informed FARO of the '841 Patent and its relevance to FARO's business and products.

80. Notwithstanding FARO's knowledge, FARO continued to induce infringement by its 3D scanner customers.

81. Defendant's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '841 Patent, and unless Defendant are enjoined by this Court, such acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

82. Askan is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement.

## COUNT VI
### Inducement of Infringement of the '255 Patent by FARO

83. Askan restates the allegations set forth in paragraphs 1 to 50 above and incorporates them herein by reference.

84. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe or infringe by equivalents, at least claim 1 of the '255 Patent.

85. FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range that directly infringe or infringe by equivalents one or more of the claims of the '255 Patent.

86. FARO, by making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range to users that directly infringe or infringe by equivalents one or more of the claims of

the '255 Patent with knowledge of the infringement, FARO possessed specific intent to encourage its customers to infringe one or more claims on the '255 Patent.

87. Askan previously informed FARO of the '255 Patent and its relevance to FARO's business and products.

88. Notwithstanding FARO's knowledge, FARO continued to induce infringement by its 3D scanner customers.

89. Defendant's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '255 Patent, and unless Defendant are enjoined by this Court, such acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

90. Askan is entitled to recover damages adequate to compensate for the infringement of the '255 Patent, as well as additional damages for willful infringement.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Askan prays for relief, as follows:

A. A judgment that FARO has infringed, contributorily infringed, and/or induced infringement of one of more claims of each of the patents-in-suit;

B. An order and judgment preliminarily and permanently enjoining FARO and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the patents-in-suit;

C. A judgment awarding Askan all damages adequate to compensate for FARO's infringement of the Askan Patents, and in no event less than a reasonable royalty for FARO's acts of infringement, including all prejudgment and post judgment interest at the maximum rate permitted by law;

D. A judgment awarding Askan all damages, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, together with prejudgment interest;

E. Actual damages suffered by Askan as a result of FARO's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

F. A judgment that this is an exceptional case and an award to Askan of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

G.   A judgment awarding Askan all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

H.   A judgment that this is an exceptional case and an award to Askan of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

I.   And such other relief as this Court deems just and proper.

Dated: April 21, 2021

*/s/ Yoldas Askan*
Yoldas Askan
*Plaintiff Yoldas Askan*

51 Pinfold Street,
Suite 542,
Birmingham
B2 4AY
United Kingdom

E: yoldas.askan@gmail.com
T: +44 7539593978

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that upon FedEx confirmation of the delivery of this complaint to this Court, a true and correct copy of the foregoing document will be emailed to the Attorneys of the Defendant, as indicated by their email dated February 21, 2021, listed below on the Service List.



　　　　　　　　　　　　　　　　　　　　*/s/ Yoldas Askan*
　　　　　　　　　　　　　　　　　　　　Yoldas Askan

## SERVICE LIST

Lloyd G. Farr
Nicolette C. Vilmos

Nelson Mullins Broad and Cassel
390 North Orange Avenue
Suite 1400
Orlando, FL 32801
nicolette.vilmos@nelsonmullins.com
Attorney for FARO Technologies, Inc.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Askan Yoldas

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
FARO Technologies, Inc.

County of Residence of First Listed Defendant   Exton, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Nelson Mullins

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | [x] 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. §§ 271, et. seq.
Brief description of cause:
This is a civil action for patent infringement arising under the Patent Laws of the United States.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $10,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: April 19, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Yoldas Askan

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.